IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILES THOMAS, | ) CIVIL NO. 25-00127 HG-WRP |
| Plaintiff, | ) |
| vs. | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| FERNANDA MANAI, TERRANCE MANAI, TULUTULU TARITA, KALEIKAUMAKA PIIMAUNA-STINEMAN, | ) PLAINTIFF'S COMPLAINT WITH ) LEAVE TO AMEND AND TO ) HOLD IN ABEYANCE ) PLAINTIFF'S APPLICATION TO ) PROCEED IN FORMA PAUPERIS |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND TO HOLD IN ABEYANCE PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Miles Thomas' Application to Proceed in District Court Without Prepaying Fees or Costs (Application), filed on March 18, 2025. See App., ECF No. 2. After careful consideration of the Application, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint with leave to amend. Further, the Court recommends holding in abeyance Plaintiff's Application pending the filing of an amended complaint.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

## BACKGROUND

Plaintiff asserts federal question jurisdiction in this case against Defendants Fernanda Manai, Terrance Manai, Tulutulu Tarita, and Kaleikaumaka Piimauna-Stineman.  See Complaint, ECF No. 1 at 2, 4.  Plaintiff's Statement of Claim alleges in its entirety:

> For over 2 years starting September 15, 2022 these people and others have been using mind reading technology to harass, charge people to play in my head, threaten me and kids everyday, steal my mail, lie about my ability, and now they have add [sic] a lot of people in this crime of slavery and emotional distress.  They play in my head all day and all night taking turns.

Id. at 3.  Plaintiff seeks $700 million from Defendants and asserts his claim is based on the following:

> Cyberstalking, 18 USC § 1581, 18 U.S.C. § 1584, 18 U.S.C. 1589, 18 U.S.C. 1590, 18 U.S.C. § 1028A, 18 U.S.C. § 242, Civil Rights Violations, Identity Theft Unauthorized Surveillance, 18 U.S.C § 2261A, 18 U.S.C § 1708, 18 U.S.C. § 2511.

Id. at 4.

## DISCUSSION

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim).  Additionally, the Court liberally construes a pro se complaint.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (noting that a court may not supply essential elements of a claim that were not initially pled).

   First, Plaintiff cites to several federal criminal statutes that do not provide him a private right of action for recovery.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see, e.g., Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (dismissing claims under 18 U.S.C. § 242 because this statute does not give rise to civil liability) (citation omitted); Bonilla v. Cap. One, Nat'l Ass'n, No. 3:24-CV-00377-AN, 2024 WL 3567396, at *3 (D. Or. July 26, 2024) (no private right of action under 18 U.S.C. §§ 1581, 1584, and 1589) (citations omitted); Cooper v. Uber Techs. Inc., No. CV-21-1314-PHX-DMF, 2021 WL 11133498, at *7 (D. Ariz. Dec. 29, 2021), report and

recommendation adopted, No. CV-21-01314-PHX-DMF, 2022 WL 19916817 (D. Ariz. Feb. 28, 2022) (no private right of action under 18 U.S.C. § 1028A); Diaz v. City of San Fernando, No. CV 13-6047 DDP (AJW), 2015 WL 13237402, at *5 (C.D. Cal. June 18, 2015), report and recommendation adopted, No. CV 13-6047 DDP (AJW), 2015 WL 13238926 (C.D. Cal. Aug. 28, 2015) (no private right of action under 18 U.S.C. § 1708) (citation omitted); Tomel v. Ross, No. CIV.09-00489 SOM-LEK, 2009 WL 3824742, at *5 (D. Haw. Nov. 16, 2009) (no private right of action under 18 U.S.C. § 2261A).

Second, Plaintiff's allegations are not alleged with any specificity, and he invokes conclusory principles, such as "civil rights violations," "unauthorized surveillance," "identity theft," and "cyberstalking." Even though Plaintiff is proceeding without counsel and, thus, the Court reviews his allegations liberally, Eldridge, 832 F.2d at 1137, this is plainly insufficient, see Pliler, 542 U.S. at 231 (explaining that a court cannot act as counsel for a pro se litigant); see also Ivey, 673 F.2d at 268 (noting that a court may not supply essential elements of a claim that were not pled).

Specifically, to proceed in federal court, Plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Plaintiff has not done so here, and the Court therefore recommends that the Complaint be DISMISSED.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). Here, arguably, Plaintiff may be able to cure some of the deficiencies in the Complaint. Therefore, the Court recommends that he be permitted to file an amended complaint. If Plaintiff files an amended complaint, it shall include plain statements alleging: (1) the legal right he believes was violated; (2) the name of the specific defendant who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. See Fed. R. Civ. P. 8(a)(2) (pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Any amended complaint must be complete in and of itself without reference to any prior pleading.  See LR10.4; see also Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (citations omitted)).

## CONCLUSION

In light of the foregoing, the Court FINDS AND RECOMMENDS that the district court

- DISMISS the Complaint with leave to file an amended complaint within **30 days** from the date the district court acts on this Findings and Recommendation,

- REFER the screening of any amended complaint to the undersigned, and

- CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

The Court further recommends holding in abeyance Plaintiff's Application, ECF No. 2, pending the screening of any amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 30, 2025.



Wes Reber Porter
United States Magistrate Judge

Thomas v. Manai, et al. Civ. No. 25-00127 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND TO HOLD IN ABEYANCE PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS.

7