IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILES THOMAS, | ) CIVIL NO. 25-00127 HG-WRP |
| | ) |
| Plaintiff, | ) |
| | ) FINDINGS AND |
| vs. | ) RECOMMENDATION TO DISMISS |
| | ) CASE WITHOUT PREJUDICE |
| FERNANDA MANAI, | ) |
| TERRANCE MANAI, | ) |
| TULUTULU TARITA, | ) |
| KALEIKAUMAKA PIIMAUNA- | ) |
| STINEMAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO
DISMISS CASE WITHOUT PREJUDICE

On April 30, 2025, this Court recommended dismissal of Plaintiff Miles Thomas's Complaint with leave to amend.  See Findings and Recommendation to Dismiss Plaintiff's Complaint With Leave to Amend and to Hold in Abeyance Plaintiff's Application to Proceed In Forma Pauperis (April 30 F&R), ECF No. 7.  This Court found that the Complaint failed to state a claim, but recommended granting Plaintiff leave to file an amended complaint within thirty days from the date the District Judge acted on the April 30 F&R.  This Court also held in abeyance Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2.

On May 28, 2025, the District Judge adopted the April 30 F&R. See Order Adopting Magistrate Judge's Findings and Recommendation to Dismiss Plaintiff's Complaint with Leave to Amend and to Hold in Abeyance Plaintiff's Application to Proceed In Forma Pauperis, ECF No. 8. Therefore, Plaintiff's amended complaint was due thirty days later, on June 27, 2025. See April 30 F&R at 6. Plaintiff has not filed any amended complaint.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. (citing Ferdik, 963 F.2d at 1260-61). Here, after careful consideration of each factor, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

First, this case cannot proceed without an operative complaint, and Plaintiff has disregarded the Court's instructions on filing an amended complaint. Consequently, Plaintiff's failure to amend the complaint prevents the resolution of this case on the merits and hinders the public's interest in the expeditious

resolution of litigation. This factor therefore favors dismissal. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").

Second, Plaintiff's failure to comply with the April 30 F&R impedes the Court's ability to manage its docket. Put simply, the Court cannot properly manage its docket where litigants such as Plaintiff fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, Plaintiff's failure to file an amended complaint in a timely manner risks prejudice to Defendants. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." See Pagtalunan, 291 F.3d at 643 (citation omitted). Despite the Court's explicit explanations and instructions, Plaintiff has failed to file an amended complaint by the deadline, request an extension, or provide any excuse or rationale for his failure to do so. Given Plaintiff's non-responsiveness, this factor weighs in favor of dismissal.

Fourth, the Court has already provided Plaintiff with less drastic alternatives to no avail. The Court's April 30 F&R directed Plaintiff to file an amended complaint and afforded Plaintiff adequate time to do so. See April 30 F&R, ECF No. 7 at 6. Nevertheless, Plaintiff failed to comply. Consequently, this factor also favors dismissal.

Fifth and finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal. See Pagtalunan, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to file an amended complaint or prosecute this case. See Ferdik, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987) (where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); see also Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").[1]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2025.



Wes Reber Porter
United States Magistrate Judge

Thomas v. Manai, et al.; CIVIL NO. 25-00127 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE.

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.